Judge Robertson
delivered the opinion of the Court.
Thomas P. Moore filed his bill in chaneery, against the heirs of Augustin Passmore, for a specific execution of a contract^ in writing, said to have been executed by the said Augustin, in his life *592 time, to William Robertson, for the conveyance of & tract of land. He alleged, that the bond for a title had been assigned to him, and that he had “complied with the conditions of the said bond, on his part."
The bond contains a condition, that the deed shall he made, whenever William Robertson shall pay $999 for the land, for which sum he had executed his note.
Some of the heirs being infants, their guardian ad litem, required proof in his answer, of all the material allegations of the bill.
• The subpama, which was served oh Some of the other heirs, was made returnable to the term, at which the decree was rendered.
At the July term, 1823, there was an order to advertise against some of the heirs, who were non-residents. The succeeding term was in October. The printer certified on the 12th of November, that the order had been published nine weeks, without stating when the publication was commenced or ended.
In this crude state of preparation, the court decreed a specific execution, and did not reserve to the infants, time-after they should become 21 years old, to contest the decree.
There are several errors in this decree, for any one of which,.it should be reversed.
1st. There is no proof that the consideration had been paid. The payment of it is not even alleged in the bill. The averment, that Moore had complied with the conditions on his part, is irrelevant and immaterial. There were no conditions on his part. Robertson had given his-note fo.r the consideration, and the deed could not be demanded, until payment. It is not alleged that Robertson had paid the consideration, or that Moore had done it for him. The bill, therefore, is defective. And if it had contained equity, there is not a particle of proof, to uphold it. The answer of the infants requires proof.
2d. It was certainly erroneous to pronounce a decree at the appearance term. The act of Assembly is explicit on this point.
Haggin, for plaintiffs; Daviess, for defendant.
3d. There is no sufficient evidence of constructive liotice, to the non-resident defendants. The certificate of the printer does not show expressly, rior by necessary Or even reasonable construction, that thé order of publication, had been inserted in his paper, two successive calendar months, preceding the Octo1 her term, to which it was returnable; This is a fatal defect. ■
4th. The court ought to have allowed time, in its decree, for the infant defendants to contest it, after they shall have attained 21 years of age. Shield’s heirs vs. Bryant, 3 Bibb, 525; Pope, &c. vs. Lamaster, &c. 5 Litt. 76.
Wherefore, the decree is reversed, and the cause remanded, for further proceedings, consistent with this opinion.